IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES MICHAEL CHAPMAN,

                Plaintiff,                  OPINION AND ORDER

    v.

                                                17-cv-0949-slc

NANCY BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

Plaintiff James Chapman filed this action seeking reversal of the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act). 42 U.S.C. §§ 405(g), 423 et seq. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). The sole issue presented in this appeal is whether the administrative law judge erred by failing to provide sufficient rationale for her conclusion that Chapman's back impairment failed to meet or medically equal the criteria for Listing 1.04, Disorders of the Spine. I conclude that the ALJ adequately explained the basis for her conclusion that Chapman's back impairment did not meet the criteria of Listing 1.04 and she reached a determination that is supported by substantial evidence. As a result, I am affirming the commissioner's decision.

BACKGROUND

Chapman applied for disability insurance benefits on October 6, 2013, alleging that he was disabled since April 2012 from failed lumbar fusion surgery, degenerative disc disease and asthma. After the state disability agency denied his application initially and again on reconsideration, Chapman requested an administrative hearing. A hearing was held on October

19, 2016, at which Chapman was represented by counsel; Chapman and a vocational expert testified.

On January 5, 2017, the ALJ issued a written decision denying Chapman's application. Applying the commissioner's five-step process for adjudicating disability claims, *see* 20 C.F.R. § 404.1520, the ALJ found that: (1) Chapman had not engaged in substantial gainful activity after his alleged onset date; (2) he had severe impairments, namely, spine disorders, degenerative disk disease and obesity; (3) his impairments singly or combined did not meet or medically equal the severity of any listed impairment; (4) as a result of his impairments, Chapman did not have the residual functional capacity to perform his past relevant work as a welder and cleaner; but (5) given his age, education, work experience and residual functional capacity, Chapman was capable of performing numerous jobs existing in significant numbers in the national economy. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Chapman's request for review.

OPINION

A federal court reviews an administrative disability determination with deference and will uphold a denial of benefits unless the ALJ's decision is not supported by substantial evidence or is based on an error of law. 42 U.S.C. § 405(g); *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In conducting this review, the court does not reconsider facts or evidence or make independent credibility determinations, but instead looks to whether the ALJ built an "accurate and logical

2

bridge" from the evidence to her conclusion that the claimant is not disabled. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009).

Chapman argues this case must be remanded because the ALJ failed to adequately articulate why his impairments did not meet or equal the criteria of Listing 1.04 Disorders of the Spine. If a claimant has an impairment that meets or equals an impairment found in the Listing of Impairments, then that claimant is presumptively eligible for benefits. 20 C.F.R. § 404.1520(d). The plaintiff has the burden of showing that his impairments satisfy *all* of the various criteria specified in the listing. *Ribaudo v. Barnhart*, 458 F.3d 580, 583 (7th Cir. 2006). A claimant also may satisfy a Listing by showing that his impairment is accompanied by symptoms that are equal in severity to those described in the Listing, 20 C.F.R. § 404.1526, although a finding of medical equivalence requires an expert's opinion on the issue. *Barnett v. Barnhart*, 381 F.3d 664, 670 (7th Cir. 2004). "In considering whether a claimant's condition meets or equals a listed impairment, an ALJ must discuss the listing by name and offer more than perfunctory analysis of the listing." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quoting *Barnett*, 381 F.3d at 668).

Chapman focuses exclusively on Listing 1.04A. To satisfy this subsection of the listing, Chapman was required to produce evidence showing:

- evidence of a spinal disorder
- "resulting in compromise of a nerve root . . . or the spinal cord," characterized by
    - neuro-anatomic distribution of pain,
    - limitation of motion of the spine,
    - motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and,

3

- if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 1.04A. It is undisputed that Chapman has degenerative disc disease, which qualifies as a spinal disorder. The question is whether Chapman produced evidence that he meets or equals the other criteria of the listing.

In finding that he did not, the ALJ explained that she had "considered all relevant listings with regard to [Chapman's] impairments during the relevant period," including Listing 1.04. AR 17. She further stated that "[t]he evidence, as discussed throughout this decision, does not support a finding that [Chapman] experiences symptoms or limitations of a severity sufficient to meet or medically equal any listings[,]" and that her step three findings were "consistent with the overall record, including the assessments of expert agency medical consultants[.]" AR 17-18.

As Chapman correctly observes, the ALJ did not identify the specific criteria of Listing 1.04 or explain which of those criteria Chapman failed to meet. Arguing that he provided at least "prima facie" evidence to satisfy Listing 1.04A, Chapman asserts that the ALJ's failure to discuss this evidence in the context of her listings analysis is reversible error. Chapman compares the ALJ's analysis in this case to that at issue in *Minnick*, 775 F. 3d at 935, where the ALJ stated:

> The claimant's degenerative disc disease was evaluated under Listing 1.04 (disorders of the spine). The evidence does not establish the presence of nerve root compression, spinal arachnoiditis, or spinal stenosis resulting in pseudoclaudication, as required by that listing.

Finding that there was some evidence in the record that "may well have satisfied Listing 1.04A," *id*. at 936, the court of appeals remanded Minnick's case on the ground that the ALJ's perfunctory listings analysis failed to build a logical bridge from the evidence to her conclusion.

4

*Id*. *See also Barnett v. Barnhart,* 381 F.3d 664, 670 (7th Cir. 2004)("[E]ven apart from the ALJ's misapprehension of the evidence, we would conclude that his two-sentence consideration of the Listing of Impairments is inadequate and warrants remand."); *Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002) (remanding where ALJ "did not discuss or even reference" the relevant listing). Chapman urges this court to remand his case for the same reason.

In response, the Commissioner acknowledges that the ALJ's step three analysis was brief, but says the missing rationale can be found in the RFC section of her decision. For support, the Commissioner relies on *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015). In *Curvin*, the court of appeals declined to remand for a more detailed listings analysis where the ALJ discussed the claimant's impairments and the objective medical evidence in the context of determining the claimant's RFC, a discussion that "provide[d] the necessary detail to review the ALJ's step 3 determination in a meaningful way." So long as the ALJ's rationale appeared somewhere in his decision, it was unnecessary that he repeat it in the "step 3" section of his decision. *Id*. ("We do not discount [the ALJ's discussion of the claimant's impairments and the objective medical evidence] simply because it appears elsewhere in the decision."). Other Seventh Circuit decisions are to the same effect. *See, e.g,, Lloyd v. Berryhill*, 682 Fed. Appx. 491, 496 (7th Cir. 2017) (nonprecedential disposition) (finding that ALJ's "later discussion" when determining claimant's RFC supported ALJ's determination that listing was not met); *Rice v. Barnhart*, 384 F.3d 363, 370 n. 5 (7th Cir. 2004) ("it is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five").

5

These cases are not necessarily at odds with *Minnick* and similar cases cited by Chapman. In those cases, the ALJ not only failed to provide a detailed step three analysis, but also failed to grapple with significant evidence in the record that supported the claimant's listing argument. In *Minnick*, for example, the court was troubled by the ALJ's failure to mention two studies in the record that indicated Minnick's herniated discs were affecting his nerve roots. 775 F.3d at 936-37. In *Scott*, 297 F.3d at 595-96, the ALJ not only failed to discuss or even reference the pertinent listing, but also failed to provide any meaningful analysis of "several significant pieces of evidence" that arguably supported the claimant's argument that he met the listing. And in *Barnett*, 381 F.3d at 670, the court refused to uphold the ALJ's "two-sentence consideration" of whether the claimant met the listing for nonconvulsive epilepsy, because the ALJ said only that he disbelieved the claimant's testimony concerning the number of seizures she was experiencing without affirmatively determining how many seizures he believed she actually had experienced. In other words, the articulation error in each of these cases was not harmless. *McKinzey v. Astrue*, 641 F.3d 884, 892 (7th Cir. 2011) ("But administrative error may be harmless: we will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result.").

Synthesizing the cases, then, the following rules emerge: In determining whether the ALJ sufficiently met her duty to articulate the basis for her step 3 determination, the court should review the ALJ's decision as a whole and need not confine itself solely to the "step 3" section of the ALJ's decision. If the ALJ discusses the key pieces of evidence that support the claimant's listing argument, then the minimal articulation requirement has been met. Further, the court

may uphold even a perfunctory listings analysis if the plaintiff is unable to point to evidence that would support a finding on remand that his condition meets or equals the listing.

Applying these rules to this case, I am satisfied that the ALJ fulfilled her duty to articulate the basis for her step 3 finding. First, the ALJ identified Listing 1.04 as the relevant listing. Second, in her step 3 discussion, she specifically noted that she was relying on her discussion of the evidence "throughout" her decision as support for her conclusion that Chapman's impairment did not met or medically equal any listing. Third, she noted that her step three findings were consistent with the "overall record," which included "the assessments of expert agency medical consultants." AR 18. Finally, when determining Chapman's RFC, the ALJ discussed the key objective findings, including an MRI in May 2013 which showed a solid fusion at L4-L5, L5-S1 without significant stenosis or disc herniation, and physical examinations which noted positive straight leg raising and back tenderness, but normal reflexes and no loss of strength. AR 19. Read as a whole, the ALJ's decision makes clear that she considered the possibility of Chapman's back impairment meeting Listing 1.04 but found that it did not.

Further, the ALJ's step 3 finding is supported by substantial evidence in the record. The only record to which Chapman cites showing the requisite nerve root compromise was an MRI from April 14, 2008, *before* his lumbar fusion. In contrast, as noted by the ALJ, post-surgery MRIs showed a stable fusion with no areas of disc herniation or stenosis, and Chapman's doctors have found him to have full strength and sensation and normal deep tendon reflexes. Although Chapman points to some exams where he was noted to have a positive straight leg raising test and limited range of motion, to meet a listing he must satisfy *all* of the criteria. None of the records to which he points document the motor loss required to meet the listing.

Finally, as the ALJ noted, the conclusion that Chapman did not satisfy Listing 1.04 is supported by the unrefuted opinions of the state agency physicians, Drs. Mina Khorhidi and Pat Chan. After reviewing Chapman's medical record, both doctors concluded that his condition did not meet or medically equal Listing 1.04. Because there are no other medical opinions in the record, the ALJ was entitled to give these opinions significant weight. Although Chapman argues that the state agency physician opinions predated the ALJ's decision by two years and were thus outdated, he does not identify any intervening evidence that undermines the opinions or establishes that his back impairment satisfies all of the criteria of Listing 1.04. All in all, he has failed to show that the ALJ erred in her step 3 determination. That being the only basis on which he seeks remand, the ALJ's decision will be affirmed.

ORDER

IT IS ORDERED THAT the decision of the Commissioner of Social Security denying James Chapman's application for disability insurance benefits under Title II of the Social Security Act is AFFIRMED. The clerk of court is directed to enter judgment for the Commissioner and close this case.

Entered this 26th day of December, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge